HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD R EMMICK,

        Plaintiff,

   v.

CITY OF HOQUIAM,

        Defendant.

CASE NO. C12-5273 RBL

ORDER ON VARIOUS MOTIONS

THIS MATTER is before the Court on the following motions: Defendant Hoquiam's Motion to Dismiss [Dkt. #9]; Defendant Moller's Motion to Dismiss [Dkt. #11]; Plaintiff's Motion(s) to Amend his Complaint [Dkt. #14]; and Plaintiff's Motion to Remand [Dkt. #22]; and Defendants' Motion to Strike [Dkt. #29] the Plaintiff's "third proposed" second amended complaint [which was filed as a proposed order, at Dkt. #21].

Plaintiff's Motion for Discovery [Dkt. #19] was previously DENIED [Dkt. #30], so that the Court could sort through the lengthy list of pending procedural Motions, before forcing the parties to potentially waste additional time.

Plaintiff's initial complaint contains three sentences. It alleges that "the City of Hoquiam is liable to plaintiff for violation of his federal civil rights under 28 U.S.C. §1983, *et seq.*, and for

trespass, invasion of privacy, harassment, and false light." It also alleges that Defendants Donald and Gail Moller "were two of the agents through whom the city of Hoquiam acted," and that they also "acted for their own purposes." The complaint finally alleges that John Does 1-9 were the "agents and employees through whom the City of Hoquiam acted."

The complaint contains no other factual or legal allegations. Apparently surmising that the Plaintiff intended to assert a claim under 42 U.S.C. § 1983, Defendants removed the matter to this Court [Dkt. #1]. They sought dismissal, correctly arguing that the complaint, while short, did not meet even the most liberal reading of the Civil Rules' other pleading requirements.

Rather than respond to the Motion, Plaintiff filed a Motion to file a first amended complaint [Dkt. #14], and four days later, filed a second amended complaint [Dkt. #15]. Leave of court (or the Defendants' consent) was not required for filing the first amended complaint (a party may amend his Compliant *once* as a matter of course within 21 days after service), but it was for the second. Fed. R. Civ. P. 15(a)(1) and (2). Plaintiff asked Defendants to strike their Motions to Dismiss in light of the amendment(s), and they refused. Plaintiff seeks Rule 11 sanctions for this refusal. This request is DENIED.

The City of Hoquiam filed its Reply [Dkt. # 17] in support of its Motion to Dismiss, conceding that the second amended complaint was effective, based on its reading of Rule 15. It essentially withdrew its Motion [Dkt. #9]. Defendant Moller did not file a Reply, and its Motion seeks dismissal of a complaint which is no longer the operative complaint. The Motions to Dismiss [Dkt. #s 9 &11]are therefore DENEID.

Plaintiff is GRANTED LEAVE to amend his complaint, and his "third proposed second amended complaint" [Dkt. #21] is DEEMED FILED as of the date of this Order. It shall, for ease of reference, be called the "Second Amended complaint" from this point forward.

1  Plaintiff's initial Motion to Amend [Dkt. #14] and Defendants' Motion to Strike [Dkt. #29] are
2  therefore DENIED as moot.
3      Plaintiff also seeks remand of this matter to state court, based on his claim that removal
4  was improper because the Defendants' filing referenced, but did not include a copy of, a
5  discovery request that it served on plaintiff.  Discovery requests are not to be filed in the Court
6  file (unless and until they are used in the proceeding, or until the court orders filing. *See* Fed. R.
7  Civ. P. 5(d)(1).  The City's "failure" to file in this court the request for production it served on
8  Plaintiff is not grounds for remand.  The Motion to Remand [Dkt. #22] is DENIED.
9      IT IS SO ORDERED.
10     Dated this 15th day of May, 2012.

                                      Ronald B. Leighton
                                      United States District Judge