HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| EDWARD R. EMMICK, | CASE NO. C12-5273 RBL |
|---|---|
| Plaintiff, | ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DENYING MOTIONS TO APPOINT COUNSEL AND REMAND |
| v. | |
| CITY OF HOQUIAM, et. al. | |
| Defendants. | DKT. # 45, 61 |

THIS MATTER is before the Court on Defendants' Motion for Summary Judgment [Dkt. #45], and on Plaintiff Emmick's Motions to Appoint Counsel and Remand [Dkt. #61]. Emmick claims the Hoquiam Police violated his constitutional rights by improperly searching his home in 2008. He also alleges that between 2008 and 2010, the police regularly invaded his privacy and trespassed on his property, and that they falsely arrested him in 2010. Defendants ask the Court to determine as a matter of law that (1) Emmick is barred from bringing claims based on the 2008 search, (2) the police did not invade Emmick's privacy, (3) there is no evidence that police trespassed on Emmick's property, and (4) there is no evidence that Emmick was falsely arrested.

The attorney who filed this case has since been disbarred. Emmick sought and received additional time to employ new counsel and to file a response. He now claims some unnamed potential attorney refused to take his case because this Court will not treat him fairly. As a result,

Emmick asks the Court to locate and pay for a new attorney, or to remand the case to state court. Emmick has not otherwise responded to the Defendants' Motion.

## I.   BACKGROUND

Emmick's amended Complaint is 3 paragraphs long. A single sentence describes Emmick's claims: "Defendant City of Hoquiam is liable to plaintiff for violation of his federal civil rights under 28 U.S.C. § 1983[1], [sic] *et seq.,* and for trespass, invasion of privacy, harassment, and false light."

The defendants' submissions reveal that Emmick claims that in November or December of 2008[2], he and his friends were in his apartment when Officer Salstrom and three other officers knocked on his door. A guest whom Emmick did not know answered the door. The police came in and made everyone sit in the living room while they went to another part of the apartment. Emmick assumes they searched his home, but they did not arrest anyone, seize anything, or cause any damage. Emmick did not see a warrant and was not told why the police were in his house. Defendant Salstrom and the City deny that offciers went to Emmick's apartment in 2008.

Emmick's claims that the police started spying on him shortly after the search. Emmick's neighbors, the Mollers, have cameras on their property. Emmick claims the police

---

[1] Emmick presumably means 42 U.S.C.. §1983, but even that is merely a vehicle for enforcing individual rights secured elsewhere, most typically in the United States Constitution. §1983 does not, by itself, protect anyone from anything. One cannot, therefore, go into court and claim a "violation of §1983." *See Gonzaga University v. Doe*, 536 U.S. 273, 285 (2002), *citing Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). The Court will assume that Emmick seeks to use §1983 as a vehicle for vindicating the claimed violation of his constitutional rights.

[2] At his deposition, Emmick testified that the search took place in November or December of the year that Kleann Lowdermilk got beat up in her apartment. That year was determined to be 2008.

have been remotely accessing the video from the Mollers' cameras and using it to watch him. He claims he was told about the surveillance by a person named Terry[3]. He claims Terry was told about the surveillance by an officer who pulled Terry over and gave him a ticket for driving without a license, when Terry was not driving[4]. The police deny spying on Emmick.

Emmick's complaint also claims that between 2008 and 2010, police came to his home numerous times because his neighbors kept calling to allege that he was engaged in criminal activity. Emmick admits some of the allegations were true, but claims many were false.

On December 20, 2010, the police did search Emmick's home. They obtained a warrant based on reports by the Emmick's neighbors that they had seen Emmick with stolen property, heroin, and guns. Emmick's complaint denies that he possessed those things. During the search, police found a bag of marijuana. Emmick was arrested and convicted of misdemeanor drug possession.

Emmick sued Officer Salstrom and the City on December 12, 2011. He claimed that (1) police violated his rights under 28 U.S.C. § 1983 during the 2008 search, (2) the surveillance was an invasion of his privacy, (3) police trespassed every time they responded to his neighbors' phone calls, and (4) the police falsely arrested him in 2010 because they knew or should have known that their warrant was based on false information.

The Defendants ask the Court to determine as a matter of law that (1) Emmick cannot bring his claim based on the 2008 search because there is no evidence that the search happened within three years of the filing date, (2) there is no evidence that the police invaded Emmick's

---

[3] Emmick did not know Terry's last name.

[4] Terry did not know the officer's name.

privacy, (3) there is no evidence that the police trespassed, and (4) there is no evidence that police knew or should have known that their 2010 warrant was based on false information[5].

After filing the claim, Emmick's attorney was disbarred. Emmick sought and received additional time to obtain new counsel. He did not do so, and instead filed a letter in lieu of a Response to the pending Motion for Summary Judgment:

> I have been unable to obtain substitute counsel for this case. The lawyer I thought would handle the case declined to get involved when he learned that you had been assigned to the case. I do not understand the meaning of that but the implication appeared to be that I cannot receive a fair handling of my case. Under these circumstances, I must ask the court to do one of two things.
>
> First, I would ask that the court make funds available to hire a lawyer to represent me, with these funds either coming from the federal government or from the City of Hoquiam. My understanding is that the federal courts have employed both of these approaches in other cases.
> Second, in the alternative, I would ask that the court dismiss the federal claims and return the case to state court to decide the claims made under state law.
> Thank you.

[Dkt. #61]. Emmick has filed no argument, and, more importantly, no evidence in response to the pending Motion. The Court will treat his letter as a Motion for the relief requested.

## II.   DISCUSSION

**A.   Motion for Court Appointed Counsel.**

Under 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. Under §1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of

---

[5] Defendants also argued that the officers involved in the 2008 search were entitled to qualified immunity and that the City was not liable for the officers' actions, but those arguments have not been discussed because this motion was granted on other grounds.

the petitioner to articulate the claims pro se in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Emmick has not established or even alleged that he cannot afford counsel; instead, he has claimed he is employed and owns more than one home. He also has not established that he is likely to succeed on the merits of his claims; he has not responded to a persuasive Motion for Summary Judgment. There is no legal or logical authority for the proposition that the remedy for being told by a prospective attorney that the Judge might be unfair is for the Court and the taxpayers to hire a different attorney. Emmick's Motion to Appoint Counsel is **DENIED.**

**B.    Motion to Remand**

Emmick also seeks to remand this case to Grays Harbor Superior Court based on the unnamed lawyer's implication that this Court would not handle his case fairly [Dkt. #61]. This Motion suffers from the same fatal flaws as the Motion to appoint counsel: vague rumors from an unnamed source are not grounds for remanding a case over which this Court clearly has jurisdiction. The Motion to Remand is **DENIED.**

**C.    Motion for Summary Judgment.**

**1.    Summary Judgment Standard.**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not

affect the suit's outcome are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### 2. There is no evidence that the 2008 search took place after December 12, 2008.

§ 1983 claims in this District are subject to the Wash. Rev. Code § 4.16.080(2)'s three-year limitations period. *See Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Emmick filed suit on December 12, 2011. He must therefore present some evidence that his home was searched after December 12, 2008 to defeat the Motion for Summary Judgment. Emmick has not presented any evidence that his home was searched at all, much less that it was searched after that day. Emmick has not met his summary judgment burden of establishing some evidentiary basis enabling a reasonable jury to find that that his substantive rights were violated. The Defendants' Motion for Summary Judgment is **GRANTED** and Emmick's claims based on the 2008 search are **DISMISSED WITH PREJUDICE.**

### 3. There is no evidence that the police invaded Plaintiff's privacy.

Emmick claims the police invaded his privacy by watching him through his neighbor's cameras. A party is liable for the state law tort of invasion of privacy when he "gives publicity to a matter concerning the private life of another… if the matter…: (a) would be highly offensive to a reasonable person, and (b) is not of legitimate concern to the public." *Reid v. Pierce County*, 136 Wn.2d 195, 205, 961 P.2d 333 (1998). First, as the Defendants point out, Emmick does not even allege that the police publicized any offensive information about his private life. Second, Emmick's only evidence in support of this claim is his claim that a man named Terry told him about the surveillance after hearing about it from a nameless officer who pulled Terry over and

gave him a ticket for driving without a license (when he was not driving).  This bizarre allegation is not sufficient evidence to support this claim as a matter of law.  Defendants' Motion for Summary Judgment is **GRANTED** and Emmick's claim for invasion of privacy is **DISMISSED WITH PREJUDICE.**

        **4.**      **There is no evidence that the police trespassed on Emmick's property.**

Emmick claims the police came to his home numerous times between 2008 and 2010 while investigating various criminal activities reported by his neighbors.  Emmick claims that each one of those instances was a trespass.  "A party is liable for trespass if he or she intentionally enters…land in the possession of another."  *Brutsche v. City of Kent*, 164 Wn.2d 664, 193 P.3d 110 (2008).

First, Emmick has presented no evidence that the police came to his home at any time other than the 2010 search[6].  He has not provided times or dates or described in any way how many instances of alleged trespassing there were.  Indeed, he also admits the police only came inside during the 2008 and 2010 searches, so even if Emmick's remaining allegations are true, the police did not trespass on any of those other occasions as a matter of law.  The Defendants' Motion for Summary Judgment is **GRANTED** and Emmick's claim for invasion of privacy is **DISMISSED WITH PREJUDICE.**

        **5.**      **There is no evidence that the police knew or should have known that their 2010 warrant was based on false information.**

To be valid, a search warrant "must be supported by an affidavit establishing probable cause."  *United States v. Stanert*, 762 F.2d 776, 778 (9th Cir. 1985).  Probable cause exists where, under the totality of the circumstances, a reasonable officer has occasion to believe the search will uncover evidence relating to a suspected crime.  *Illinois v. Gates*, 462 U.S. 213, 230-

---

[6] Emmick does not appear to claim that the 2010 search was a trespass.

31, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).  The test is objective, and the "actual motivations of the individual officers involved…play no role in" the Fourth Amendment analysis.  *Whren v. United States*, 517 U.S. 806, 813, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996).

Emmick was convicted of misdemeanor drug possession in 2010 after police found marijuana during a warranted search of his home.  The police obtained the warrant because Emmick's neighbors reported that Emmick possessed guns, heroin, and stolen property.  Emmick claims the resulting arrest was illegal because the police knew or should have known that his neighbors' reports were false.  However, Emmick has provided no evidence whatsoever that the police knew or should have known that that the reports were false.  He cannot meet his summary judgment standard of establishing that he warrant was not valid.  Defendants' Motion for Summary Judgment is **GRANTED** and Emmick's claims arising from the 2010 search are **DISMISSED WITH PREJUDICE.**

### III.  CONCLUSION

Emmick's Motion for Appointed Counsel is **DENIED.**  Emmick's Motion to Remand is **DENIED.**  Emmick's Motion to Recuse is **DENIED.**  Defendants' Motion for Summary Judgment is **GRANTED.  The case is DISMISSED WITH PREJUDICE.**

Dated this 14th day of November, 2013.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE